UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHERYL PILLAR,

                                             **Plaintiff,**                                        12-CV-355A (Sr)

v.

**TAKHAR GROUP COLLECTION
SERVICES, LTD.,**

                **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #10.

Currently before the Court is plaintiff's motion for default judgment. Dkt. #9. For the following reasons, it is recommended that plaintiffs' motion be granted in part.

## BACKGROUND

Plaintiff commenced this action by filing a summons and complaint on April 23, 2012, claiming unfair and deceptive debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 *et seq.*, and section 349 of New York's General Business Law ("GBL"). Dkt. #1. Specifically, plaintiff alleges that in the course of its business collecting consumer debts, defendant

telephoned plaintiff at her home after 9:00 p.m. and left a voicemail message in which defendant failed to disclose that the communication was from a debt collector. Dkt. #1. Defendant was served on May 7, 2012, but failed to answer or otherwise respond to the complaint. Dkt. #5. Default was entered on June 1, 2012. Dkt. #7.

## DISCUSSION AND ANALYSIS

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). This Rule provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Rule "tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co.,* 373 F.3d at 246. Default is not, however, an admission of damages. *City of New York v. Mickalis Pawn Shop, L.L.C.*, 645 F.3d 114, 128 (2d Cir. 2011). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). While it is not necessary for the Court to hold an evidentiary hearing to determine an appropriate award of damages, such an award must be based upon a sufficient evidentiary record. *Credit Lyonnais*, 183 F.3d at 154.

15 U.S.C. § 1692k provides for three types of damages: (1) actual damages; (2) statutory damages of up to $1,000; and (3) reasonable attorneys' fees,

costs and expenses. Plaintiff is not seeking actual damages, but is seeking $1,000 in statutory damages; $2,635 in legal fees; and $425 in costs. Dkt. #9.

> The decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court. All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000 ceiling. The district court must consider the frequency and persisitence of noncompliance by the debt collector, the nature of such noncompliance, the extent to which such noncompliance was intentional, and other relevant factors in deciding the amount of any additional damages awarded.

*Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) (internal quotations and citations omitted). Although it is a violation of 15 U.S.C. § 1692c(a)(1) to telephone a debtor after 9:00 p.m., there is no evidence before the Court to suggest that there was more than one telephone call in violation of this provision or to suggest that such a call was so long after the presumptive cut off time as to be egregious. With respect to 15 U.S.C. § 1692d(6), which prohibits telephone calls without meaningful disclosure of the callers identity, plaintiff's allegation that defendant left a voicemail message for plaintiff which did not disclose that the communication was from a debt collector is sufficient to demonstrate a violation of the FDCPA. However, the lack of factual detail with respect to the context or content of the voicemail message fails to convince the Court that the maximum award of statutory damages is appropriate. As a result, the Court recommends a statutory award of $250 for the FDCPA violations. *Cf. Bonafede v. Advanced Credit Solutions, LLC*, No. 10-CV-956, 2012 WL 400789, at *3 (W.D.N.Y. Feb. 7, 2012) ($250 statutory damages awarded where record was bare of specific factual allegations regarding the frequency or persistence of calls); *Romano v. Accelerated Receivables*, No. 11-CV-299, 2011 WL 6091704, at *2 (W.D.N.Y. Dec. 7, 2011) ($500 statutory damages for repeated collection efforts without providing

requested validation of debt and for unfounded threats of litigation and communication with credit bureaus); *Coles v. Lieberman, Michaels & Kelly, LLC*, No. 10-CV-484, 2011 WL 3176467, at *2 (W.D,N.Y. July 27, 2011) ($250 statutory damages for five harassing calls in two months); *Hamilton v. Lombardo, Davis & Goldman,* No. 10-CV-1039, 2011 WL 2651102, at *2 (W.D.N.Y. July 6, 2011) ($500 statutory damages for frequent harassing communications, threats of litigation, garnishment and arrest and failure to abide by plaintiff's request that defendant not call at his place of employment); *Fontana v. C. Barry & Assocs., LLC*., No. 06-CV-359, 2007 WL 2580490, at *2 (W.D.N.Y. Sept. 4, 2007) ($250 statutory damages where evidence lacking that violation was intentional or persistent).

The United States Supreme Court has "held that the lodestar – the product of a reasonable hourly rate and reasonable number of hours required by the case – creates a presumptively reasonable fee." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)(internal quotation omitted). In determining a reasonable hourly rate, there is a presumption in favor of the hourly rates employed in the district in which the case is litigated. *Simmons v. New York City Transit Auth*., 575 F.3d 170, 174-75 (2d Cir. 2009). Thus, the Court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

In support of the request for attorneys' fees, counsel avers that he has practiced law for three years, including two in the practice area of consumer law, and charges $275 per hour. Dkt. #9. The Court finds that hourly rate, as well as the requested $150 hourly rate for a paralegal, excessive. *See Bonafede*, 2012 WL 400789, at * 5 ($180 reasonable hourly rate for local attorney who has spent his career

working in consumer rights); *Hamilton*, 2011 WL 2651102, at *3 (recent cases in this district set reasonable hourly attorney rates in debt collection cases at $215 for partners, $180 for associates and $50 for paralegals); *Fontana*, 2007 WL 2580490, at *3 (setting reasonable hourly rate of $200 for counsel experienced in consumer law; $150 for relatively new attorney; and $50 for paralegal). Thus, the Court recommends a reasonable hourly rate of $150 for counsel in this matter. The number of hours detailed, *to wit*, 8.6, is appropriate. Morevoer, the request for 1.8 hours of paralegal time is justified, albeit at an hourly rate of $50 rather than $150. Accordingly, it is recommended that plaintiff be awarded $1,380 in attorneys' fees, as well as costs expended for filing of the complaint ($350), and service of process upon defendant ($75).

To establish liability under section 349 of New York's General Business Law, the defendant's acts or practices must have been consumer-oriented; the acts or practices must be misleading in a material way; and the plaintiff must sustain injury as a result of such acts or practices. *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). Deceptive acts are defined objectively as acts which are likely to mislead a reasonable consumer acting reasonably under the circumstances. *Boule v. Hutton*, 328 F.3d 84, 94 (2d Cir, 2003). "Thus, to prevail in a cause of action under [General Business Law § 349], the plaintiff must prove that the defendant made misrepresentations or omissions that were likely to mislead a reasonable consumer in the plaintiff's circumstances, that the plaintiff was deceived by those misrepresentations or omissions and that as a result the plaintiff suffered injury." *Solomon v. Bell Atlantic Corp.*, 9 A.D.3d 49, 55 (1st Dep't 2004). In the instant case, however, plaintiff does not allege that she was deceived by defendant's voicemail message and there is a dearth of factual detail from which the Court could determine that it was objectively reasonable

for plaintiff to have been mislead by the voicemail message. Accordingly, it is recommended that this aspect of plaintiff's request for default judgment be denied.

## **CONCLUSION**

For the foregoing reasons, it is recommended that plaintiff's motion be granted in part and that plaintiff be awarded judgment as follows:

1. $250 statutory damages for FDCPA violation;
2. $1,380 attorneys' fees; and
3. $425 costs.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v.*

*Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:    Buffalo, New York
                November 21, 2012

                                                **s/ H. Kenneth Schroeder, Jr.**
                                                **H. KENNETH SCHROEDER, JR.**
                                                **United States Magistrate Judge**